UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CR-90 |
| | ) | (VARLAN/GUYTON) |
| JOYCE E. ALLEN, and | ) | |
| SHARON KAY THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This criminal matter is before the Court on the Motion to Reconsider on Behalf of Defendant Sharon Kay Thomas [Doc. 53], in which defendant Thomas asks the Court to reconsider its Memorandum and Order entered on February 15, 2013 [Doc. 52]. In that Memorandum and Order, the Court accepted the Report and Recommendation (the "R&R") previously entered by Magistrate Judge H. Bruce Guyton [Doc. 41]. In the Memorandum and Order [Doc. 52], the Court noted that defendant Thomas had not submitted objections to the R&R and that any objections were considered waived [*Id.* at 2 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 51)]. Defendant Thomas submits that she did not file any objections because she was under the mistaken impression that, since defendant Thomas had previously been granted permission by the Court to adopt defendant Allen's underlying motion to dismiss [Doc. 37], that adoption would carry over to any subsequent objections. Defendant Thomas further submits that this error was due to a mistake by defense counsel and that the Court should set aside the

Memorandum and Order [Doc. 52] and allow defendant Thomas to adopt the objections and the legal arguments in support thereof made by defendant Allen.

Defendant Thomas relies on the argument that she should be allowed to adopt defendant Allen's objections because her failure to do so prior to the Court's ruling was a mistake on the part of defense counsel. However, both the Supreme Court and the Sixth Circuit, in examining the analogous concept of "excusable neglect," have held that "'clients must be held accountable for the acts and omissions of their attorneys . . . .'" *United States v. Munoz*, 605 F.3d 368 (6th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 397 (1993)). The Sixth Circuit has applied this principle in criminal cases. *See id.* at 369 (applying *Pioneer* excusable neglect standard to Rule 33 motion for new trial); *see also United States v. Sutton*, 387 F. App'x 595, 606 (6th Cir. 2010) (noting that criminal defendant was accountable for arguments made on his behalf by trial attorney at sentencing hearing and quoting *Pioneer* in affirming district court's sentencing of defendant).

With this principle in mind, the Court will deny defendant Thomas's request for leave to adopt the objections made by defendant Allen. Defendant Thomas's motion comes over two months since defendant Allen filed objections to the R&R (Doc. 49) and two weeks after the Court's entry of the Memorandum and Order [Doc. 52]. Defendant Thomas is accountable for defense counsel's failure to timely file a motion to adopt defendant Allen's objections to the R&R prior to the Court's acceptance of it.

However, even if the Court were to consider defendant Thomas's motion on its merits, the Court would deny defendant Thomas's request to adopt defendant Allen's objections because the Court would deny those objections, thus reaching the same conclusion as it did in the Memorandum and Order [Doc. 52].  Defendant Thomas is alleged to have engaged in the same conduct as defendant Allen and to have been a part of the same fraudulent scheme.  The analysis that the Court applied to defendant Allen would apply with equal force to defendant Thomas.  The Court would still accept the R&R in whole as to defendant Thomas.  Allowing defendant Thomas to adopt the objections now would not alter the result reached in the Memorandum and Order [Doc. 52] or otherwise change the Court's decision.

Accordingly, and for the reasons previously discussed, defendant Thomas's motion [Doc. 53] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE