UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CR-90-TAV-HBG |
| | ) | |
| JOYCE E. ALLEN, | ) | |
| SHARON KAY THOMAS, | ) | |
| BRIAN MURPHY, | ) | |
| TIFFINY THOMPSON, | ) | |
| PAULYNN WRIGHT, and | ) | |
| DONA RECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

This criminal matter is before the Court for consideration of the Report and Recommendation entered by United States Magistrate Judge H. Bruce Guyton (the "R&R") [Doc. 167]. The R&R addressed the following motions filed by defendants:

(1) Sharon Kay Thomas's Motion to Dismiss Count 10 [Doc. 83];

(2) Sharon Kay Thomas's Motion to Dismiss Count 10 in Part Due to Failure to Establish an Offense [Doc. 85];

(3) Joyce Allen's Motion to Dismiss Indictment – Counts 4 through 10 [Doc. 88], which was adopted by Sharon Kay Thomas [Docs. 97, 167];

(4) Joyce Allen's Motion to Dismiss Count 10 in Part Due to Failure to Establish an Offense [Doc. 90];

(5) Joyce Allen's Motion to Dismiss Indictment – Count 3 [Doc. 93], which was adopted by Brian Murphy [Docs. 133, 167]; and

(6) Dona Rector's Motion to Dismiss Second Superseding Indictment – Count 2 – Based on Constitutional and Procedural Insufficiency [Doc. 101].[1]

The magistrate judge held a hearing on defendants' motions during which the parties presented argument [Doc. 153]. The magistrate judge later issued the R&R [Doc. 167], recommending that the Court deny each of the defendants' motions [*Id.* at 25]. Defendants Allen and Thomas submitted objections to the R&R [Docs. 174, 175], and the government submitted a response to those objections [Doc. 189].[2] Defendants Murphy and Rector have not filed objections to the R&R or otherwise moved to adopt the other defendants' objections, and the time for doing so has passed so that any objections are considered waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 51.

**I. Background**

The defendants are charged in a ten-count third superseding indictment [Doc. 35] with various offenses related to an investment scheme operated by various employees of Benchmark Capital and others from 2000 through 2012, including conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and uttering counterfeited securities, in violation of 18 U.S.C. § 513.

---

[1] The Court notes that, following entry of the R&R, defendant Rector signed a Plea Agreement in this matter [Doc. 177]

[2] Defendant Thomas filed a motion to adopt defendant Allen's objections to the R&R [Doc. 182], which will be **GRANTED**.

In defendant Allen's motion to dismiss Count Three of the Indictment [Doc. 93], defendant Allen contends that Count Three fails to state an offense, specifically arguing that the regular payment of dividends as part of a Ponzi scheme cannot constitute money laundering without raising a merger problem and double jeopardy violation. The government responds that the nature and scope of the financial transactions giving rise to the money laundering charge are in dispute and present questions of fact for the jury, and that the distribution of proceeds can serve as a basis for a money laundering charge under Sixth Circuit precedent [Doc. 151]. In the R&R [Doc. 167], the magistrate judge agreed with the government, finding that a question of fact exists as to the financial transactions at issue and that, to the extent the distribution of dividends served as the basis for the money laundering charge, there was no potential double jeopardy violation, in light of *United States v. Kratt*, 579 F.3d 558 (6th Cir. 2009) [*Id.* at 20].

In defendants Allen's and Thomas's motions to dismiss Counts Four through Ten [Docs. 83, 85, 88, and 90], the defendants assert arguments regarding whether the indictment states the offense of uttering false securities and conspiracy to commit money laundering that were previously raised in motions to dismiss an earlier indictment [*See* Docs. 16, 18, 20]. As the Court previously entered a Memorandum and Order [Doc. 52] adopting an R&R [Doc. 41] recommending denial of defendants Allen's and Thomas's earlier motions to dismiss, the government responds, these previous rulings have become the law of the case and defendants have not shown any reason to revisit such issues [Doc. 144]. The magistrate judge found that, with respect to the current motions, under the

3

doctrine of the law of the case, the substantive language of the relevant counts of the indictment had been the same as those challenged by defendants in their prior motions, that no new arguments or case law had been raised, and thus recommended that the motions be denied as moot [Doc. 167 at 24].

## II.  Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendants have objected, considering the R&R [Doc. 167], the parties' underlying and supporting briefs, defendants Allen's and Thomas's objections, and the government's response to those objections, all in light of the relevant law.

## III.  Analysis

### A.  Relevant Law

The Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V.  Legally sufficient indictments implicate both the right to a grand jury's determination of probable cause to believe that the offense occurred and the Fifth Amendment's guarantee of due process of law and protection from double jeopardy. *Hamling v. United States*, 418 U.S. 87, 177 (1974).  Similarly, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and the cause of the accusations[.]" U.S. Const. amend. VI.

4

Under Rule 7 of the Federal Rules of Criminal Procedure, "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). An indictment passes constitutional muster if it first, "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117; *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling*).

A defect in an indictment, such as its failure to state an offense, can be challenged by pretrial motion in accordance with Rule 12(b) of the Federal Rules of Criminal Procedure. In taking up such a motion a court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). Resolution of a pretrial motion to dismiss an indictment for failure to state an offense is appropriate when "the facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion to dismiss the indictment." *Id.* at 665. Accordingly, a court may address a motion to dismiss when the issue presented is a question of law and the facts are undisputed. *Id.*; *see also United States v. Levin*, 873 F.2d 463, 470 (6th Cir. 1992)

(noting dismissal was proper when facts were undisputed and motion presented a question of law).

It is against this background that the Court will discuss the pending objections to the R&R.

**B.    Count Three – Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(h)**

Defendant Allen objects on the basis that the magistrate judge erred in ruling that there were questions of fact as to the nature of the financial transactions at issue giving rise to the conspiracy to commit money laundering charge under Count Three of the Third Superseding Indictment in this case.  In addition, defendant Allen objects to the magistrate judge's finding that the distribution of dividends in a Ponzi scheme, as set forth in the allegations pertaining to mail and wire fraud under Count One of the Third Superseding Indictment, could constitute financial transactions for a money laundering charge.  In support of this objection, defendant Allen first asserts that the only financial transactions giving rise to the money laundering charge are the distribution of dividends and similar payments to the investors.  From this, defendant Allen argues that the proper interpretation for the term "proceeds" under the money laundering statute is not the gross receipts of an illegal scheme, such as the dividends in this case, but only the profits derived therefrom.  Relying upon *United States v. Van Alstyne*, 584 F.3d 803, 815 (9th Cir. 2009), defendant Allen submits that convicting her of the money laundering charge

6

based solely on the transactions which form the basis of the mail and wire fraud conspiracy charge would present a "merger" problem and double jeopardy violation.[3]

18 U.S.C. § 1956(a)(1)(A)(i) criminalizes conducting a financial transaction with the intent to promote the carrying on of specified unlawful activity, knowing that the property involved in the financial transaction "represents the proceeds" of some form of unlawful activity. In *United States v. Santos*, 553 U.S. 507 (2008), the Supreme Court faced the question of whether charging an individual with illegal gambling and money laundering would create a double jeopardy problem. The answer to this question depended upon whether the term "proceeds" in the money laundering statute meant "receipt" or "profits" when the underlying crime was a violation of the illegal gambling statute. *Id.* at 509. Although the Supreme Court issued no majority opinion,[4] the Sixth Circuit has since held that, in order to comply with *Santos*, the term proceeds "means profits only when the § 1956 predicate offense creates a merger problem that leads to a radical increase in the statutory maximum sentence and only when nothing in the legislative history suggests that Congress intended such an increase." *Kratt*, 579 F.3d at 562; *see, e.g. Crosgrove*, 637 F.3d at 655. Where *Santos* does not require a profits definition of the term proceeds, the court in *Kratt* held, the Sixth Circuit's prior

---

[3] "[A] merger problem arises when defining 'proceeds' as 'receipts' automatically makes commission of the predicate offense a commission of money laundering and where the predicate offense carries a much lower statutory maximum sentence than the associated money laundering charge." *United States v. Crosgrove*, 637 F.3d 646, 655 (6th Cir. 2011) (citation omitted).

[4] Courts have discussed the difficulty in applying *Santos* in part because there was no opinion which attracted the majority of Justices. *Kratt*, 579 F.3d at 561-62.

7

precedent, defining proceeds as gross receipts, applies. *Kratt*, 579 F.3d at 563 (citing *United States v. Prince*, 214 F.3d 740, 748 (6th Cir. 2000); *United States v. Haun*, 90 F.3d 1096, 1101 (6th Cir. 1996)).

While the magistrate judge found that there was a question of fact as to what financial transactions serve as the basis for the money laundering charge in this case, even if the Court were to assume that the only financial transactions involved the payment of dividends,[5] the Court finds that there is no merger problem under *Kratt* in relation to the mail/wire fraud and money laundering conspiracy charges.[6] The maximum statutory penalty for conspiracy to commit mail and wire fraud is twenty years. 18 U.S.C. §§ 1341, 1343, & 1349. Similarly, the maximum penalty for conspiracy to commit money laundering is twenty years. 18 U.S.C. §§ 1956(a), 1956(h). Given that the two offenses carry the same maximum statutory penalty, under the *Kratt* framework, the Court need only apply the Sixth Circuit's pre-*Santos* precedent defining "proceeds" to mean the "gross receipts" of a scheme. Defendant Allen does not dispute that the alleged distribution of dividends, interest and mortgage payments constitute gross receipts of the scheme. Accordingly, defendant Allen's objection in this regard will be overruled and her motion to dismiss denied.

---

[5] The government, however, in its response to defendant Allen's objections, submits that there were various other financial transactions and expenditures dedicated to promoting and furthering the Benchmark scheme [Doc. 189 at 4].

[6] Although Defendant Allen relies upon *Van Alstyne* for the purpose of arguing that a merger problem does exist, 584 F.3d at 815-16 the Court finds *Kratt* and its progeny to be the controlling law in this case.

8

### C. Counts Four through Ten – Uttering Fraudulent Securities and Conspiracy to Commit Money Laundering

Defendants Allen and Thomas have also filed objections to the magistrate judge's ruling recommending denial of their motions to dismiss Counts Four through Ten of the Third Superseding Indictment, which, as noted by the magistrate, are merely reassertions of arguments made in previous motions to dismiss based on similar counts in the Superseding Indictment. In their objections, as the underlying motions, defendants Allen and Thomas note that their sole purposes for objecting are to preserve the issue for appeal, and the Court notes defendant's Allen objection is a near verbatim repetition of arguments previously rejected by the Court in its Memorandum and Order [Doc. 52].

In the absence of specific objections by the defendant, and having reviewed not only the magistrate judge's analysis but also the Court's previous Memorandum and Order [Doc. 52], the Court finds no error on the part of the magistrate judge in recommending that these motions be denied as moot. The Court's previous rulings on these issues have become the law of the case and defendants have raised no extraordinary circumstances which would warrant revisiting them. *See United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) ("Under the doctrine of the law of the case, a decision on an issue made by a court at one stage of the case should be given effect in successive stages of the same litigation." (citation omitted)). Accordingly, defendants Allen's and Thomas's objections will be overruled and their motions as to these counts will be denied as moot.

Case 3:12-cr-00090-TAV-HBG   Document 211   Filed 07/09/14   Page 9 of 10   PageID #: 1156

## IV. Conclusion

In sum, after reviewing the record in this case, including the R&R, the objections, the underlying briefs, and the relevant law, the Court determines that the magistrate judge fully and appropriately considered the arguments in support of the motions to dismiss the indictment. Further, the Court agrees with the magistrate judge's analysis and findings as applied to the defendants. Accordingly, and for the reasons previously stated, defendant Allen's objections to the R&R [Doc. 175] and defendant Thomas's objections to the R&R [Doc. 174] are **OVERRULED**, the R&R [Doc. 167] is **ACCEPTED in whole** as to these defendants, and is also **ACCEPTED in whole** as to defendants Rector and Murphy. The defendants' motions to dismiss the charges [Docs. 93 and 101] are hereby **DENIED** and defendant Allen's and Thomas's motions to dismiss Counts Four through Ten [Docs. 83, 85, 88, 90] are hereby **DENIED as moot.**

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE