UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:3:12-CR-90-TAV-HBG |
| | ) | |
| JOYCE E. ALLEN, SHARON KAY THOMAS, | ) | |
| BRIAN MURPHY, TIFFINY THOMPSON, | ) | |
| PAULYNN WRIGHT, and DONA RECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This criminal matter is before the Court for consideration of defendant Joyce Allen's Objections to Magistrate Judge's Memorandum and Order (Doc. 184) in which defendant Allen appeals the magistrate judge's Memorandum and Order entered June 4, 2014 [Doc. 173].[1] Specifically, defendant Allen appeals the magistrate judge's denial of the following motions: (1) the Motion to Strike [Doc. 123]; (2) the Motion for Discovery of Information Relating to Recorded Conversation between Allen and Thompson [Doc. 126]; and (3) the Motion for Identification of Documents and Files Intended to be Used at Trial [Doc. 128].[2] For the reasons that follow, the decisions of the magistrate judge will be affirmed.

I. **Background**

---

[1] While labeled as objections, the Court construes this motion as an appeal under 18 U.S.C. § 636(b)(1)(A).

[2] The Court notes that defendant Sharon Thomas has filed a motion to adopt the objections to Allen's motion for identification [Doc. 187], which will be **GRANTED**. While defendant Paulynn Wright also filed a motion to adopt [Doc. 186], this defendant has since filed a plea agreement [Doc. 207], so that her motion to adopt will be **DENIED as moot**.

The defendants are charged in a ten-count third superseding indictment [Doc. 35] with various offenses related to an investment scheme operated by various employees of Benchmark Capital and others from 2000 through 2012, including conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and uttering counterfeited securities, in violation of 18 U.S.C. § 513.

II.     Standard of Review for Appeal

Section 636(b)(1)(A) of Title 28 of the United States Code allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). A district judge may reconsider any pretrial matter determined under "subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

III.    Analysis

A.      Motion to Strike [Doc. 123]

Defendant Allen first appeals the magistrate judge's denial of her Motion to Strike [Doc. 123], in which defendant Allen sought to strike the following language from the Third Superseding Indictment:

> Allen was not licensed to sell securities in the State of Tennessee. On or about November 25, 2009, her insurance agent's license was revoked because of her failure to cooperate in an investigation conducted by the Tennessee Department of Commerce and Insurance.

2

[Doc. 141 at ¶ 3].[3]  Defendant Allen contends that this language constitutes "surplusage" under Rule 7 of the Federal Rules of Criminal Procedure.  In denying her motion, the magistrate judge found that the quoted language related to the element of intent for several of the charges defendant Allen is facing, including uttering counterfeited securities under 18 U.S.C. § 513(a), and did not constitute surplusage [Doc. 173 at 5].  Specifically, the magistrate judge concluded that evidence indicating defendant Allen relinquished her insurance license rather than being questioned would support the inference that she knew the securities she was selling were fraudulent [*Id.*].  Similarly, the magistrate judge found that evidence showing defendant Allen sold securities without a license would support the inference that she did not want her sale of securities to come under agency review [*Id.*].

Rule 7 states, in relevant part, that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crimp. P. 7(c)(1).  "[T]he court may strike surplusage from the indictment or information" upon motion of the defendant.  Fed. R. Crim. P. 7(d).  A court should grant a motion to strike surplusage "only where it is clear that the language is irrelevant and prejudicial." *United States v. Musgrave*, No. 3:11-cr-183, 2012 WL 4051942, at *4 (S.D. Ohio Sept. 13, 2012). "'[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).'" *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 559, 562 n.2 (6th Cir. 1989)).

---

[3] This language first appeared in the Second Superseding Indictment [Doc. 57], with the current form of the Indictment being issued after defendant Allen's motion was filed.

3

The Court concludes that the magistrate judge properly found the quoted language relevant to the elements for uttering counterfeited securities. Although defendant Allen argues that the statement regarding her selling securities without a license requires a legal conclusion in order to be relevant, the Court disagrees. Regardless of whether defendant Allen was violating state law by her failure to obtain a license, evidence that she did not infers that she did not wish regulators to be aware of her sales of Benchmark securities, which in turn supports the inference she knew them to be false, satisfying the intent element necessary for a violation of 18 U.S.C. § 513. There is no reason for the Court to conclude, as defendant, argues, that the placement of this contention in the Third Superseding Indictment would require the jury to apply state law. Similarly, if the government proves that defendant Allen failed to cooperate with investigators, resulting in the revocation of her insurance license, this would allow one to infer that she did so because she did not want her involvement with Benchmark investigated, leading to the inference that she knew she was engaged in fraudulent activity. The Court does not find that evidence of defendant Allen's refusal to cooperate with a state licensing investigation would confuse the jury or otherwise prejudice the defendant, and, to the extent there is any such prejudice, the relevance of such facts require that defendant's motion be denied. Defendant Allen has not shown that the magistrate judge committed clear error in denying the motion, so that the Court will affirm the magistrate judge's ruling.

### B. Motion for Discovery [Doc. 126]

Defendant Allen also argues that the magistrate judge erred in denying her discovery request regarding information and documents generated in connection with a recorded

conversation defendant Allen and her husband had with co-defendant Tiffiny Thompson. The magistrate judge found that the issue was moot in light of the previous order requiring the government to submit to the defendant and permit inspection of any information which may be favorable to the defendant on the issues of guilt or punishment pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny [Doc. 173 at 14], and the government's belief that it had complied with that obligation.

On appeal, defendant Allen argues that the requested discovery is relevant and could potentially contain exculpatory information, and, although she has received the recorded conversation, without the other documents pertaining to the conversation, her ability to present the full story is greatly reduced without knowing the circumstances surrounding the recording. The magistrate judge erred, defendant Allen argues, because the issue is not moot; rather there is a dispute as to whether any documents and other information related to the recorded conversation are subject to discovery. In response, the government argues that defendant Allen cannot show that the magistrate judge's conclusions were clearly erroneous, particularly as it is the government that decides whether evidence in its possession is subject to disclosure.

Under *Brady*, the government is under a general duty to disclose evidence favorable to the accused. *United States v. Presser*, 844 F.2d 1275, 1280 (6th Cir. 1988). This rule is not absolute, however, as the Supreme Court has noted:

> [i]ts purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.

*United States v. Bagley*, 473 U.S. 667, 675 (1985). In light of this reasoning, "the government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *Presser*, 844 F.2d at 1281. The Supreme Court, however, has rejected the argument that the focus for *Brady* material "should focus on the impact of the undisclosed evidence on the defendant's ability to prepare for trial, rather than the materiality of the evidence to the issue of guilt or innocence." *United States v. Agurs*, 427 U.S. 97, 112 n.20 (1976).

Here, defendant Allen has not shown how the discovery which she seeks is material to the issue of guilt or innocence to her pending charges. Although defendant Allen argues that she requires the contextual information regarding the conversation in order to present her side of the story, she has not shown that she will be unable to otherwise do so, particularly in light of the fact that she has received the recording itself.[4] As the magistrate judge noted in denying defendant Allen's motion, it is within the government's discretion to determine what material is subject to disclosure and it is the government that risks losing its case if it improperly withholds exculpatory information. The government contends that the material is not covered by *Brady*, and beyond her mere disagreement, defendant Allen has not presented any evidence to challenge this position, nor has she shown that the magistrate judge's conclusion constituted clear error or was contrary to the relevant Supreme Court and Sixth

---

[4] Defendant Allen will also presumably have the opportunity to cross-examine Ms. Thompson should she testify at trial; however, even if she does not, the Court does not find that any extraneous information surrounding the recording is required by *Brady* at this time.

Circuit precedent previously discussed. Thus, the Court will affirm the magistrate judge's denial of defendant Allen's motion for discovery.

### C. Motion for Identification of Documents and Files Intended to be Used at Trial [Doc. 128]

The Court next turns to defendant Allen's motion for the Court to order the government to identify those documents and materials it intends to rely upon at trial, which is joined by defendant Thomas. The defendants contend that the discovery in this case includes over 175,000 pages of documents and various electronic files, arguing that failure to identify which items will be used at trial would prejudice the defendant due to the extensive time commitment needed to review all of the documents. The government notes that Rule 16 of the Federal Rules of Criminal Procedure does not require it to designate specifically the evidence to be used at trial and contends that it has taken various steps to assist the defendants in reviewing the documents and materials seized.

The magistrate judge agreed with the government and found that the government had complied with and exceeded the requirements of Rule 16. Specifically, the magistrate judge noted that the government had provided the defendants with "accessible and searchable" discovery far in advance of the trial and had also reviewed important discovery documents with defense counsel [Doc. 173 at 21]. In addition, the magistrate judge noted that the case had been continued twice in order to give defense counsel additional opportunities to review discovery and found that an exhibit list was not warranted under the facts of the case.

Rule 16 provides for the disclosure of certain categories of information:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or place, or copies or potions of any

7

of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). As the magistrate noted, Rule 16 itself does not require the government to disclose which evidence it intends to use at trial; however, several courts have ordered the government to designate the evidence it will present during its case-in-chief in particularly complex cases [Doc. 173 at 19-21 (citing *United States v. Hill*, No. 3:92-CR-132 at \*6 (E.D. Tenn. Feb. 3, 1993) (Murrian, M.J.) (ordering government to identify exhibits in case charging nineteen defendants in seventy-one count indictment); *United States v. Poindexter*, 727 F. Supp. 1470 (D.D.C. 1989) (ordering government to identify in case involving 300,000 pages of discovery and had national security implications))].

Here, the magistrate judge concluded that, despite the complexity of the case, the government was not required to identify its exhibits before trial. In doing so, the magistrate judge examined not only the volume of documents at issue but also the steps the government had taken in order to making the evidence more readily accessible to defense counsel. On appeal, the defendants merely reargue the same points raised in their underlying motion and attempt to rebut the magistrate judge's distinctions between the instant case and those cases where courts have ordered identification. Defendants, however, have not shown that the magistrate judge's findings were clearly erroneous or contrary to law. Rather, the magistrate judge's denial of the motion for identification of documents was based on his view of the facts in light of the controlling law. Rule 16 does not require that the government disclose its

8

exhibit list to defendants. The government went beyond Rule 16 in this case in other ways, such as sharing the documents in electronic form and reviewing various documents with defense counsel, much of which was originally generated by the defendants themselves. The Court agrees with the magistrate judge and finds that a disclosure of the government's exhibit list is not necessary. Accordingly, the magistrate judge's ruling will be affirmed.

## IV. Conclusion

Upon review of the magistrate judge's memorandum and order [Doc. 173], the parties' briefs, and the relevant law, and for the reasons stated herein, the Court determines that the magistrate judge fully and correctly considered the issues presented by the appeal, and that the order is neither clearly erroneous nor contrary to law. Accordingly, defendant Allen's appeal [Doc. 184] is hereby **DENIED** and the Court hereby **AFFIRMS** the Memorandum and Order entered by Magistrate Judge Guyton [Doc. 173].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE