UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOYCE E. ALLEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Nos.: 3:12-CR-90-TAV-HBG-1<br>3:18-CV-195-TAV |

## **MEMORANDUM OPINION**

This is a pro se prisoner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 397[1]]. Respondent has filed a response in opposition thereto [Doc. 410]. For the reasons set forth below, the Court finds that Petitioner is not entitled to relief under § 2255. Accordingly, Petitioner's motion [Doc. 397] will be **DENIED**.

**I.    BACKGROUND**

On September 22, 2015, after a seven-day trial, a jury found Petitioner guilty of one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349, one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, two counts of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and six counts of uttering a counterfeited security in violation of 18 U.S.C. § 513(a) [Doc. 245]. Petitioner's adjusted offense level was forty-three, and her imprisonment range under the United States Sentencing Guidelines was life, which the United States Sentencing

---

[1] All record citations refer to the criminal case, 3:12-CR-90-TAV-HBG-1.

Commission capped at four-hundred and seventy months [Doc. 307 p. 8, 13]. On April 28, 2015, the Court sentenced Petitioner to three-hundred and sixty months' imprisonment [Doc. 348].

Petitioner appealed her convictions to the United States Court of Appeals for the Sixth Circuit on the grounds that (1) the evidence was insufficient to support her convictions; (2) the Court erred in its instructions to the jury regarding deliberate indifference; and (3) her sentence was procedurally and substantively unreasonable and excessive [Doc. 388 p. 2]. On November 2, 2017, the Sixth Circuit affirmed Petitioner's convictions and sentence [*Id.* at 4–22].

On May 10, 2018, Petitioner filed the instant motion for relief under § 2255 [Doc. 397]. In her motion, Petitioner asserts that the money laundering and restitution charges against her are unconstitutionally vague under the Supreme Court's ruling in *Dimaya v. Sessions*, that enhancements to her sentence were incorrect as to the number of victims and the loss amount, that counsel was ineffective for not making an argument regarding the enhancement based on the number of victims, that her sentence is "constitutionally unfair compared to her [] codefendants," and that counsel was ineffective for not making an argument regarding the sentencing disparity between Petitioner and her codefendants [*Id.* at 3, 5, 6, 18, and 19].

## II. STANDARD OF REVIEW

This Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he or she must set forth facts showing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). Further, a § 2255 petitioner has the burden of proving that he or she is entitled to relief under § 2255 by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982). Further, defendants may not relitigate claims that were raised and considered on direct appeal absent an intervening change in the law, or other such extraordinary circumstance. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

### III. ANALYSIS

#### A. *Sessions v. Dimaya*

First, Petitioner's claim that she is entitled to relief for her money laundering convictions and restitution obligations under *Sessions v. Dimaya*, 138 S. Ct 1204 (2018),

is without merit. In *Dimaya*, the Supreme Court found that 18 U.S.C. § 16(b)'s definition of a "crime of violence" is unconstitutionally vague. *Id.* at 1223; 18 U.S.C. § 16(b).

As Respondent acknowledges, 18 U.S.C. § 1956, the statute under which Petitioner was convicted for money laundering, incorporates § 16(b)'s definition of "crime of violence" in its definition of "specified unlawful activity" by which an offender can violate § 1956. *See* 18 U.S.C. § 1956(c)(7)(B)(ii). In other words, an offender could be convicted under § 1956 for committing an act that qualifies as "crime of violence" under § 16(b). *Id.*

Petitioner, however, did not violate § 1956 by committing any act that qualified as a "crime of violence" under § 16(b). Rather, she committed acts that qualify as "specified unlawful activity" under the other enumerated offenses set forth in the subsections of § 1956. Thus, even if the Court assumes without deciding that *Dimaya* stands for the proposition that § 1956's reliance on § 16(b)'s definition of "crime of violence" renders that subsection of § 1956 unconstitutionally vague, Petitioner is still not entitled to relief because her conviction did not implicate that subsection.

The indictment against Petitioner makes this clear. Count Three of the third superseding indictment against Petitioner specified that Petitioner committed "mail fraud in violation of § 1341, and wire fraud in violation of 18 U.S.C. § 1343" [Doc. 141 p. 19]. Both mail fraud and wire fraud are "specified unlawful activity" under 18 U.S.C. § 1956 because they are acts constituting an offense listed in § 1961(1). *See* 18 U.S.C. § 1956(c)(7)(A); 18 U.S.C. 1961(1). Likewise, Count Ten of the indictment specified that

she "utter[ed] counterfeit securities, in violation of [18 U.S.C. § 513]" [Doc. 141 p. 20], which qualifies as specified unlawful activity under 18 U.S.C. § 1956(c)(7)(D).

Accordingly, Petitioner is not entitled to § 2255 relief under *Dimaya*.

### B. Number-of-Victims Enhancement

Petitioner also alleges that the Court improperly enhanced her sentence based on the finding that her offenses affected more than one-hundred victims [Doc. 397 p. 16]. The Sixth Circuit, however, previously adjudicated Petitioner's argument that the Court improperly enhanced her sentence based on the number of victims and found that it was without merit [Doc. 388 p. 19]. Petitioner has not set forth any allegation of a change in law or any other exceptional circumstance with regard to this claim [Doc. 397 p. 16]. Accordingly, this claim is not cognizable under § 2255. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (providing that claims raised on appeal may not be relitigated on collateral review, absent "highly exceptional circumstances"); *see also Hurst v. United States*, No. 88-5924, 1989 WL 27994, at *1 (6th Cir. Mar. 28, 1989) (concluding that "Hurst cannot relitigate [an] issue in this § 2255 proceeding because the issue was decided adversely to him on direct appeal and he has not alleged an intervening change in the law since his direct appeal").

Petitioner also asserts that counsel was ineffective for not arguing that the Court's calculation of the number of victims for purposes of the sentencing enhancement was incorrect [Doc. 397 p. 19]. As set forth above, however, the Sixth Circuit affirmed the Court's decision to apply this enhancement based on the Court's statement that it had

5

reviewed more than one-hundred victim impact statements [Doc. 388 p. 19]. Thus, Petitioner cannot establish that counsel was deficient for not arguing that the Court's calculation of the number of victims for purposes of this enhancement was incorrect. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth a two-pronged test for evaluating claims for ineffective assistance of counsel under which a petitioner must establish both that counsel was deficient and that counsel's deficient performance prejudiced the defense). Accordingly, Petitioner is not entitled to relief under § 2255 for this claim.

### C. Loss Amount Enhancement

Petitioner next disputes the loss amount attributed to her to the extent it affected the Court's calculation of her Guidelines range [Doc. 397 p. 16–17]. As the United States Sentencing Guidelines are advisory, however, a defendant's claim that the Court erred in calculating her Guidelines range is properly raised on direct appeal, rather than collateral review, because any such error would not establish that the defendant's sentence is unconstitutional or that the Court lacked jurisdiction to impose the sentence. *Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996). Unless the alleged error establishes that the sentence was fundamentally unfair or amounted to a breakdown of the trial process, such a claim is not cognizable on collateral review. *Id.*

Petitioner's allegation that the Court miscalculated her Guidelines range does not establish that her sentence is unconstitutional or fundamentally unfair, nor does it otherwise establish a breakdown of the trial process. Thus, it is not cognizable under § 2255. *Id.*

Moreover, although Petitioner relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), to allege that the Court incorrectly determined the loss amount attributable to her when determining the applicability of the sentencing enhancements, this reliance is misplaced. *Alleyne* held that, with one exception, facts that increase a defendant's mandatory-minimum sentence must be submitted to the jury. *Id.* at 2155. The Court's calculation of Petitioner's Guidelines range did not affect any mandatory-minimum sentence for Petitioner, however, so *Alleyne* does not apply to her case.

Accordingly, Petitioner is not entitled to relief under § 2255 for this claim.

**D.  Constitutional Fairness of Sentence Compared to Codefendants**

Petitioner also alleges that she is entitled to relief under § 2255 because of a sentencing disparity between Petitioner and her codefendants, and that counsel was ineffective for not making this argument [Doc. 397 p. 18]. Specifically, Petitioner points out that her codefendant Wright received a sentence of four months, codefendant Rector received a sentence of two years' probation, codefendant Thomas received a sentence of twenty-five months' imprisonment, and codefendant Murphy received a sentence of forty-five months' imprisonment [*Id.*]. Accordingly, Petitioner alleges that her sentence of three-hundred and sixty months' imprisonment is excessive, as she "was a puppet" for the creators of the fraudulent scheme, including Murphy[2] [*Id.*].

---

[2] Petitioner also relies on the fact that Charles Candler, whom she calls the mastermind of the fraudulent scheme, "received 0 prison time because he committed suicide" [*Id.*]. Because this statement is irrelevant to any sentencing disparity, however, the Court disregards it.

First, while a court must consider, among other things, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), the "avoidance of disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges" such that a Court's calculation of a defendant's Guidelines range incorporates the need to avoid sentencing disparities. *Gall v. United States*, 552 U.S. 38, 53 (2007).[3] Thus, Petitioner's allegation that she is entitled to relief under § 2255 due to a sentencing disparity is, in substance, a challenge to the Court's calculation of her Guidelines range, which is not cognizable under § 2255 as set forth above. Likewise, to the extent Petitioner seeks to challenge the Court's subjective intent in sentencing her, any such claim is not cognizable on collateral review. *United States v. Addonizio*, 442 U.S. 178, 187–88 (1979).

Moreover, Petitioner has not set forth any facts to support her implied allegation that she was similarly situated to or less culpable than codefendants Wright, Rector, or Thomas such that counsel was deficient for not arguing that the Court should calculate her sentence in light of theirs. Further, although Petitioner states that she was less culpable than codefendant Murphy, Petitioner's counsel, in at least two filings, presented detailed arguments to the Court that Murphy's sentence should be considered when calculating

---

[3] Moreover, § 3553 refers to national uniformity in sentencing similarly situated defendants, rather than codefendants. *United States v. Thompson*, 218 F. App'x 413, 417 (6th Cir. 2007). Accordingly, while a Court may exercise its discretion to determine a defendant's sentence in light of a codefendant's sentence, it is not required to do so. *United States v. Simmons*, 501 F.3d 620, 624 (6th Cir. 2007).

Petitioner's [Doc. 304 p. 41–48; Doc. 331 p. 13–17]. Thus, Petitioner cannot establish that counsel was deficient for not making such an argument.

As such, Petitioner is not entitled to § 2255 relief for these claims.

## IV. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and her § 2255 motion [Doc. 397] will be **DENIED**. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether to grant a certificate of appealability ("COA"). A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As Petitioner has not made a substantial showing of the denial of a constitutional right as to any of her substantive claims or as to her claims for ineffective assistance of counsel, a COA will not issue.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ISSUE.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE