UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:12-CR-90-TAV-HBG |
| JOYCE E. ALLEN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for a sentence reduction [Doc. 429]. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement her pro se motion [Doc. 430]. The government responded in opposition [Doc. 431], and defendant replied [Doc. 435]. The government additionally filed victim impact statements [Doc. 434]. For the reasons set forth below, defendant's motion [Doc. 429] will be **DENIED**.

**I.     Background**

On September 22, 2014, a jury convicted defendant of a nine-count indictment charging her with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and securities fraud, in violation of 18 U.S.C. § 513(a) [Doc. 245]. Defendant received a sentence of 360 months' imprisonment, followed by three years of supervised release [Doc. 348]. According to the Bureau of Prisons' ("BOP") website, defendant is currently scheduled for

release on November 11, 2039. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Jan. 24, 2025).

## II.     Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the BOP. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under a § 3582(c)(1)(A)(i) motion [Doc. 429].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be

3

enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant sought compassionate release from the BOP prior to filing the instant motion [Doc. 429-1, pp. 1–2]. The government appears to concede this point [Doc. 431, p. 2]. Thus, having determined proper exhaustion, the Court will evaluate defendant's motion according to the three-step test explained above.

### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is

4

no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A).") However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as an extraordinary and compelling grounds warranting her release: chronic medical conditions (e.g., chronic obstructive pulmonary disease ("COPD"), obstructive sleep apnea, Type 2 diabetes, post-traumatic stress disorder).

5

### i. Defendant's Medical Circumstances

The amended policy statement provides that the following may be extraordinary and compelling reasons for release:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

    (i) suffering from a serious physical or medical condition,

    (ii) suffering from a serious functional or cognitive impairment, or

    (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

    (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

In her motion for compassionate release, defendant submits that she suffers from numerous chronic medical conditions, including COPD, Type 2 diabetes, thyroid disorder, and post-traumatic stress disorder [Doc. 429, p. 2]. Additionally, she cites a January 2024 television documentary that reported on a nationwide shortage of healthcare providers in the BOP [*Id.*]. Related to this nationwide report, defendant submits that the BOP is "extremely short-staffed" and no longer able to provide treatment for her conditions [*Id.* at 3]. In support of her motion, defendant attaches medical records [Doc. 429-1, pp. 4–8]. A medical report dated May 16, 2024, lists many of defendant's above-mentioned conditions as "current" under the BOP's treatment [*Id.* at 4].

The government argues that defendant's medical records demonstrate her chronic medical needs, but they also show that her conditions are stable and effectively managed under BOP treatment [Doc. 431, p. 4]. Specifically, it cites BOP medical records indicating that defendant is stable but continues to need "chronic care" [*Id.*]. The government also submits that defendant has not identified any medical conditions that are terminal illnesses or by which her ability to provide self-care is substantially diminished [*Id.* at 3–4]. Additionally, the government submits numerous victim impact statements requesting that the Court deny defendant's motion due to the seriousness of her offense and its impact on these victims [Doc. 434].

In reply, defendant submits that COPD constitutes a terminal illness, citing an American Medical Association definition of the term [Doc. 435, p. 1]. She also adds in her reply that she has contracted COVID-19, which worsens her COPD symptoms [*Id.*].

Defendant has not established that the foregoing circumstances amount to an extraordinary and compelling reason warranting relief. Although she demonstrates that she suffers from several chronic medical conditions, she "has not shown that any risk of severe medical complications or death cannot be adequately mitigated in a timely manner." *United States v. Cole*, No. 3:19-CR-109, 2024 WL 3171819, at *4 (E.D. Tenn. June 25, 2024); *United States v. Slone*, No. 23-5602, 2024 WL 3236437, at *2 (6th Cir. Apr. 17, 2024) (affirming district court's denial of compassionate release where defendant "made only a conclusory allegation in his § 3582(c) motion that his medical conditions diminished his ability to provide self-care in prison"). The extensive medical records submitted to the Court demonstrate frequent BOP clinical encounters with defendant during which medical personnel have provided treatment via medication [*see, e.g.*, Sealed Doc. 432, pp. 2–3] and ongoing monitoring of her conditions [*see, e.g.*, *id.* at 16–23].

Although "'failure to provide necessary treatment or undue delays in treating serious medical conditions can present extraordinary and compelling reasons for compassionate release," this medical record shows that BOP has consistently identified and managed defendant's medical needs. *United States v. Moore*, No. 3:17-CR-86, 2023 WL 5029892, at *3 (E.D. Tenn. Aug. 7, 2023), *aff'd*, No. 23-5760, 2024 WL 3069363 (6th Cir. June 20, 2024) (quoting *United States v. Verasawmi*, No. 17-254, 2022 WL 2763518, at *7 (D.N.J. July 15, 2022)). And defendant's more recent argument regarding the risks posed by

8

COVID-19 are similarly unpersuasive in light of well-established precedent in this Circuit. *See United States v. Clements*, No. 2:18-CR-017, 2022 WL 1127086, at *3 (E.D. Tenn. Apr. 14, 2022) (citing *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)) (denying compassionate release motion by defendant who was diagnosed with chronic medical conditions including COPD and faced the risk of severe illness from COVID-19). Applying § 1B1.13(b)(1)(C), defendant has not presented evidence that her confinement "substantially diminishes the ability of the defendant to provide self-care."

Defendant's medical circumstances, pursuant to U.S.S.G. § 1B1.13(b)(1), do not rise to the level of an extraordinary and compelling reason warranting compassionate release. Therefore, the Court need not reach the third step under § 3582(c)(1)(A)(i).

**IV. Conclusion**

For the reasons set forth above, defendant's motion [Doc. 429] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9